IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS HELT, | : CIVIL ACTION |
| Petitioner, | : |
| v. | : NO. 09-3584 |
| INTERSTATE JOHN/PALMER WARDEN, et al., | : |
| Respondents. | : |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Thomas Helt has filed a *pro se* Petition for writ of habeas corpus. Helt was convicted in 2004 in the Court of Common Pleas for Delaware County of several counts of driving under the influence of alcohol and cruelty to animals. He served his aggregate two year custodial sentence and was released to serve a four year period of probation. While on probation he was arrested, and is currently in custody, in Florida. According to the District Attorney, his Florida arrest resulted in proceedings for a probation violation, which remains pending. Helt's petition attacks his Delaware County convictions. For the following reasons, I recommend that the Petition be dismissed without an evidentiary hearing and with no certificate of appealability issued.

I.   PROCEDURAL HISTORY

1

The state court record in this case is scant.  Helt entered a guilty plea to the charges and never appealed his conviction. The record reflects that Helt's conviction became final on October 30, 2004, thirty days after sentence was imposed, when he filed no direct appeal.  Thus, the one-year statute of limitations applicable to this petition began running on that date.  See 28 U.S.C. § 2244(d)(1)(A) and (d)(2).  The same one year statute of limitations period applied to any attempt by Helt to file a petition in state court pursuant to the Post Conviction Relief Act.  See Pa. Cons. Stat. Ann. tit. 42, § 9545(b) (PCRA petition "shall be filed within one year of the date the judgment becomes final").[1]

Petitioner filed a prior federal habeas petition on November 4, 2004.  See Helt v. Nardillo, Civ. A. 04-5150 (E.D.Pa.) However, because he had not exhausted the claim he sought to present in that petition, I issued a Report and Recommendation on February 4, 2005 recommending that the petition be dismissed without prejudice.  The Report and Recommendation was approved and adopted by Judge Rufe on April 5, 2005.[2]  Petitioner filed a

---

[1] Exceptions to the one year statute of limitations are provided in cases where the delay was the result of interference by government officials, the facts supporting the claim were unknown, and where the right asserted is a newly recognized one. There is no claim that any of these exceptions apply.

[2] Petitioner also filed a civil rights action in this court pursuant to 42 U.S.C. § 1983 alleging a violation of his religious beliefs and excessive force.  See Helt v. Trainer

2

petition for post-conviction relief in the state court on May 13, 2005. Counsel was appointed for Petitioner, but the petition was subsequently withdrawn on November 3, 2005.

**II. DISCUSSION**

The Commonwealth argues that the petition is untimely. I agree and recommend that it be dismissed on this basis.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus must be filed within one year from "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) and (d)(2). The AEDPA one-year time limit is statutorily tolled during the time when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling. 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt, 326 F.3d at 161 (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). The

---

Police Dept., Civ. A. 04-4334 (E.D.Pa.) The docket reflects that, after the case was placed in suspense for several years due to Helt's confinement in Florida, on November 3, 2008 it was dismissed with prejudice pursuant to an agreement of counsel.

limitation period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period.  Pace, 544 U.S. at 417.

"'[A]n application is 'properly filed' when its delivery and acceptance'" comply with state procedural rules.  Merritt, 326 F.3d at 162 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). The United States Court of Appeal for the Third Circuit has made clear that any decision by a state court finding either the original petition or an appeal to be untimely is dispositive of the issue for the district court.  Id. at 165-66.

Helt's conviction became final on October 30, 2004.  He filed his PCRA petition 195 days later on May 13, 2005.  The PCRA petition remained pending in the state courts until November 3, 2005.  During that period the one-year AEDPA statute of limitations was statutorily tolled.  On November 3, 2005 the statute of limitations began to run again and expired 170 days later on April 22, 2006.  The current petition was filed on August 7, 2009, over three years after the statute of limitations

4

expired.[3]

Accordingly, I recommend that the habeas petition is time barred. Even if it were timely, the petition would also be subject to dismissal for lack of jurisdiction. It is undisputed that Helt is confined in the State of Florida. Jurisdiction for habeas corpus petitions challenging a present physical confinement lies in only one district, the district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Also, the claims presented in the petition are clearly unexhausted and procedurally defaulted since Helt filed no direct appeal and did not prosecute his PCRA petition to its conclusion.

Finally, on April 19, 2010, Petitioner filed a petition for a writ of error coram nobis, essentially making the same arguments contained in his habeas petition. A writ of coram nobis is a writ directed to a court for review of its own judgments and predicated on alleged errors of fact. Black's Law Dictionary, 8th ed. (2004) at 362; Carlisle v. United States, 517 U.S. 416, 428-429 (1996).

I recommend that the petition for writ of error coram nobis be dismissed because the United States Court of Appeals for the

---

[3] Even if one were also to exclude the 152 day time period during which Helt's prior federal habeas petition were pending – on an equitable ground that he exercised reasonable diligence and that sound legal principles as well as the interests of justice required that the time be tolled, see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted) – the current petition would still be woefully untimely.

Third Circuit has explicitly decided that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. Obado v. State of New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) citing Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992), Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982), Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964) and Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962). This is because in such a case, a federal court would not be reviewing its own judgment.

For all of these reasons, I make the following:

**RECOMMENDATION**

AND NOW, this 4th day of May, 2010, IT IS RESPECTFULLY RECOMMENDED that this matter should be DISMISSED without an evidentiary hearing. I further RECOMMEND that there is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

                        BY THE COURT:

                        /s/ Arnold C. Rapoport
                        _____
                        ARNOLD C. RAPOPORT
                        UNITED STATES MAGISTRATE JUDGE