IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. HELT, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 09-cv-03584 |
| ) | |
| JOHN PALMER, *et al.* ) | |
| *Warden ACI, Interstate,* ) | |
| ) | |
| Respondents. ) | |

# ORDER

**RUFE, J.**                                                                                                30 June 2010

On August 6, 2009, Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus.[1] On December 11, 2009, the Court referred this matter to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation.[2] Upon review of the underlying Petition, Judge Rapoport ordered that the District Attorney of Delaware County, Pennsylvania file a response to the merits of the Petition and further ordered that the Criminal Court Administrator of the Delaware County Court of Common Pleas provide copies of all records, including transcripts of all hearings, in the matters of <u>Commonwealth v. Thomas E Helt</u>, Nos. 2243-04, 3603-04, 3941-04, 4073-04, and 2207-04.[3] On February 19, 2010, Respondent filed its Response in Opposition to the instant Petition and on April 19, 2010, Petitioner filed a Petition for Writ of Error *Coram*

---

[1]      Document No. 1.

[2]      Document No. 4.

[3]      Document Nos. 5 and 7.

1

*Nobis,* asserting essentially the same arguments presented in his habeas petition.[4] On May 4, 2010, Judge Rapoport issued a Report and Recommendation, recommending that this matter be dismissed without an evidentiary hearing and finding that no probable cause exists to consider issuance of a certificate of appealability. No objections to the Report and Recommendation were filed by either party.

Petitioner was convicted in 2004 in the Delaware County Court of Common Pleas for multiple counts of driving under the influence of alcohol and cruelty to animals.[5] Petitioner's judgment of sentence for these crimes became final on October 30, 2004, 30 days after sentencing was imposed; no appeal was filed.[6] Petitioner served his aggregate two year custodial sentence and was released to serve a four year period of supervised release.[7] While on supervised release, Petitioner was arrested in Florida and is currently incarcerated in West Palm Beach, Florida.[8] Detainers for probation violation, which remain pending, have been filed against Petitioner by the District Attorney in Delaware County, Pennsylvania, by reason of Petitioner's Florida arrest.[9] Petitioner now challenges his Delaware County convictions.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus must be filed within one year from "the date on which the

---

[4] Document Nos. 6 and 8.

[5] R. at 1.

[6] Id. at 2; Response of District Att'y of Delaware County, Added Resp't to § 2254 Pet. for Writ of Habeas Corpus, Mot to Dismiss and Mem. of Law [Docket Entry No. 6] at 5.

[7] R. at 1.

[8] Id.; Response at 7.

[9] Id. at 7.

[petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[10] Here, Petitioner's conviction became final on October 30, 2004. Petitioner filed his PCRA petition 195 days later on May 13, 2005, which remained pending in the state courts until November 3, 2005.[11] During that period, the one-year AEPDA statute of limitations was statutorily tolled. On November 3, 2005, the statute of limitations began to run again and expired 170 days later on April 22, 2006.[12] The instant Petition, however, was not filed until August 2009, over three years after the statute of limitations had expired. Thus, the Petition is time barred.

The instant Petition is also subject to dismissal for lack of subject matter jurisdiction. It is undisputed that Petitioner is confined in the State of Florida. Petitioner is neither confined nor in custody in the State of Pennsylvania. It is well settled that jurisdiction for habeas corpus petitions challenging a present physical confinement lies only in the district of confinement.[13] Specific to Petitioner's writ of error *coram nobis*, the Court concurs with Judge Rapoport's recommendation that the writ should be dismissed. The Third Circuit Court of Appeals has unequivocally held that *coram nobis* relief, which is a writ directed to a court for review of its own judgments and predicated on alleged errors of fact, is an improper remedy in federal court to challenge a state criminal judgment.[14]

---

[10] 28 U.S.C.§ 2244 (d)(1)(A) and (d)(2) (1996).

[11] R. at 4.

[12] Id.

[13] See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (habeas jurisdiction rests in the district of confinement).

[14] Obado v. State of New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006).

The Court further concurs with Judge Rapoport's conclusion that a certificate of appealability should not be issued in this matter. Pursuant to 28 U.S.C. § 2253(c)(2), a habeas court can issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[15] A petitioner must show "that a reasonable jurist could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[16]

Accordingly, the Court, having given careful and independent consideration of Petitioner's Petition for Writ of Habeas Corpus, the Response thereto, and after full review of United States Magistrate Judge Rapoport's Report and Recommendation, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**. It is further **ORDERED** that the Petition and Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** without an evidentiary hearing. The Court further rules that no Certificate of Appealability shall be issued in the matter.

The Clerk of Court shall mark this case **CLOSED**.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

---

[15] 28 U.S.C.§ 2253 (c)(2) (1996).

[16] Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 at n. 4 (1983)).